IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos F. Jaramillo                          :
                                             :
        v.                                   : No.  1007 C.D. 2023
                                             : Submitted:  December 9, 2024
Schuylkill County Tax Claim Bureau           :
and SERCA LLC                                :
                                             :
Appeal of:  SERCA LLC                        :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED:  January 22, 2025


        SERCA LLC (Buyer) appeals from the April 20, 2023 order (Order) of the
Court of Common Pleas of Schuylkill County (trial court) sustaining Carlos F.
Jaramillo's (Jaramillo) objection to the Schuylkill County Tax Claim Bureau's
(Bureau) private sale of property located at 335 South Second Street, Pottsville,
Pennsylvania (the Property), thereby setting aside and disapproving Buyer's bid for
the Property.  Because Buyer failed to file a statement of errors complained of on
appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule
1925(b)), we affirm.

## I.    Background

        Due to our disposition, we need not recount the facts at length.  On February
8, 2023, Jaramillo filed objections (Objections) to a private tax claim sale in the trial

court. *See* Original Record (O.R.), Item No. 1 at 1. In his Objections, Jaramillo asserted the Bureau entered into a private tax sale with Buyer on or about November 2, 2022. *Id.* at 2. Jaramillo alleged this private sale violated the Real Estate Tax Sale Law[1] because the owner did not receive proper notice, and the sale price was insufficient. *Id.*

On April 19, 2023, the trial court held an evidentiary hearing on the Objections. *See generally* Supplemental O.R. (S.O.R.), Item No. S2. Thereafter, the trial court entered its Order sustaining Jaramillo's objection regarding the sufficiency of the sale price and setting aside Buyer's bid for the Property. O.R., Item No. 5 at 1-2. The trial court then established a private auction procedure for the future sale of the Property. *See id.* at 2-3.

Buyer filed a timely notice of appeal from the trial court's Order. O.R., Item No. 6. On May 10, 2023, the trial court issued an order requiring Buyer to file a statement of errors complained of on appeal pursuant to Rule 1925(b) (Rule 1925(b) Statement). The trial court provided Buyer with 21 days to file and serve its Rule 1925(b) Statement. *Id.* In addition, the trial court expressly provided "[f]ailure to comply with this directive [to file a Rule 1925(b) Statement] or failure to properly include an issue in the statement shall be viewed as a waiver of the issue or objection to the order, ruling, or other matter complained of." *Id.*

Buyer did not file a Rule 1925(b) Statement in the trial court. Consequently, on June 1, 2023, the trial court entered an opinion in support of its Order, pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), opining that Buyer waived all issues for appellate review due to Buyer's failure to file a Rule 1925(b) Statement.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 - 5860.803.

Buyer did not respond to the trial court's opinion by filing any documents in the trial court.

On appeal, Buyer raises three issues for our review. First, Buyer argues the trial court erred in asserting Buyer waived all issues for appellate review by failing to file a Rule 1925(b) Statement. *Id.* at 2. Second, Buyer argues the trial court improperly shifted the initial burden of proof from Jaramillo to Buyer by requiring Buyer to prove the sale price was sufficient. *Id.* Finally, Buyer argues the trial court erred in refusing to consider its non-expert testimony regarding the value of the Property and the sufficiency of the sale price. *Id.*

## II. Analysis

We begin by addressing Buyer's first issue, which is dispositive. In *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)), the Pennsylvania Supreme Court reaffirmed the "bright-line rule" that "'in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925[(b)]. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.'" In reaffirming this bright-line rule, the Pennsylvania Supreme Court expressly disapproved of "prior decisions of the intermediate courts to the extent that they have created exceptions [to this bright-line rule] and have addressed issues that should have been deemed waived." *Id.*

Although there are no longer exceptions to the bright-line rule the Court reaffirmed in *Castillo* (the bright-line rule), Pennsylvania Rule of Appellate Procedure 1925 provides relief in limited circumstances. First, we may remand a

3

civil case[2] "for a determination as to whether a [Rule 1925(b)] Statement had been filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1). Second, upon good cause shown, we may remand a civil case for the filing or service *nunc pro tunc*[3] of a Rule 1925(b) Statement when the appellant requests that we do so. *See* Pa.R.A.P. 1925(c)(2). Finally, "in extraordinary circumstances," the lower court may permit the late filing or amendment of a Rule 1925(b) statement *nunc pro tunc*. *See* Pa.R.A.P. 1925(b)(2)(i).

While Buyer admits it failed to file a Rule 1925(b) Statement, Buyer has not filed a request with the trial court or this Court for permission to file its Rule 1925(b) Statement *nunc pro tunc*. Nor has Buyer provided any reasoning for, or alleged any errors leading to, its failure to file a Rule 1925(b) Statement which this Court could fairly construe as an attempted excuse or a request for *nunc pro tunc* relief. As a result, Buyer does not qualify for any of the relief available under Rule 1925.

Nevertheless, Buyer argues against the application of the bright-line rule by asserting its failure to file a Rule 1925(b) Statement "should not automatically result in the waiver of all appellate issues, especially when fundamental rights and justice are at stake." *See* Buyer's Br. at 9. Buyer also argues "the omission of [a Rule 1925(b) Statement] should not serve as an insurmountable barrier to the review of substantive issues when substantial rights are at risk. The doctrine of substantial justice supersedes procedural strictness." *Id.* In *Castillo*, however, the Pennsylvania Supreme Court dispelled Buyer's arguments in favor of an exception to the bright-line rule.

---

[2] Rule 1925 provides separate relief for criminal matters. *See* Pa.R.A.P. 1925.
[3] *Nunc pro tunc* is Latin for "now for then," and is defined as "[h]aving retroactive legal effect through a court's inherent power." Black's Law Dictionary 1287 (11th ed. 2019).

The trial court clearly directed Buyer to file a Rule 1925(b) Statement and informed Buyer that its failure to do so would result in waiver. Buyer, without asserting an excuse or requesting any form of relief, failed to comply with the trial court's order. As a result, Buyer waived appellate review of its issues. *Castillo*, 888 A.2d at 780.

### III.   Conclusion

For the reasons set forth above, we affirm the trial court's Order.


_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos F. Jaramillo             :
                                      :
      v.              : No.  1007 C.D. 2023
                                        :
Schuylkill County Tax Claim Bureau  :
and SERCA LLC              :
                                        :
Appeal of:  SERCA LLC        :

# **O R D E R**

**AND NOW**, this 22nd day of January 2025, the April 20, 2023 order of the Court of Common Pleas of Schuylkill County is hereby **AFFIRMED**.

_____
STACY WALLACE, Judge